# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TRACEY CUNNINGHAM, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:17-CV-05512-RWS
FULTON COUNTY, :
THEODORE JACKSON, :
and JIMMY CARTER, :
:
    Defendants. :

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss [11]. After reviewing the record, the Court enters the following Order.

## Factual Background[1]

Plaintiff, Tracey Cunningham, worked for the Fulton County Sheriff's Department as a custodial officer for approximately 16 years.[2] In essence, Plaintiff claims she was the victim of retaliatory harassment by her employer

---

[1] As the case is before the Court on a Motion to Dismiss, the Court accepts as true the facts alleged in the complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

[2] Plaintiff has not provided dates of important events in her Amended Complaint [3], therefore the Court will attempt to create a general timeline. In repleading her complaint, Plaintiff should include dates for any material events.

for speaking out on various perceived wrongs. The Court attempts to organize Plaintiff's factual allegations into three general incidents.

*The FLSA Lawsuit*

On February 19, 2016, Plaintiff, along with other Fulton County Sheriff's Department employees, filed a putative class action under the Fair Labor Standards Act ("FLSA") against Fulton County and various public officials. Tracey Cunningham, et al. v. Fulton County, Georgia, et al., Civil Action File No. 1:16-CV-00533-MLB. The case is currently pending in the Northern District of Georgia. Plaintiff alleges "Defendants"[3] labeled her as a disgruntled employee and began a pattern of retaliation and harassment against her. Any specifics regarding the individual parties and type of harassment is unclear from Plaintiff's Amended Complaint [3]. It is possible she alleges she received unfair employee evaluations as a result of her participation in the lawsuit.

---

[3] Plaintiff generally refers to "Defendants" throughout her Amended Complaint [3]. As the Court explains further in the analysis below, Plaintiff must be more specific in her allegations. As pled, the Court cannot discern which Defendants allegedly committed which acts.

2

*Plaintiff's Internal Complaints*

At some point, Plaintiff was assigned as a supervisor over the Fulton County Jail's food services and kitchen. The jail contracted with an independent vendor to provide the food and service staff for the kitchen. Plaintiff felt that the independent vendor was inadequate. Specifically, she noticed that the food was molded and out of date. Further, she alleges the kitchen used prisoner labor instead of the paid-for outside service staff and that "Defendants" knew about this arrangement.

As supervisor, Plaintiff refused to allow prisoner kitchen labor. In response, Plaintiff alleges the vendor complained to "Defendants" and that Plaintiff was subjected to disciplinary actions as a result. Specifically, Plaintiff alleges she was bared from entry into the kitchen. Generally, Plaintiff alleges she was bullied. Otherwise, Plaintiff does not provide more details on the alleged disciplinary actions. Though unclear, it appears from the Amended Complaint, Plaintiff continued in her role as a supervisor. It is also unclear if Plaintiff complained to any Defendants directly and if so, the details of that complaint.

AO 72A
(Rev.8/82)

*The Press Conference*

At some unspecified time, but after Plaintiff complained internally about the vendor, Plaintiff voiced her concerns about the kitchen services at a press conference. She called the vendor's practices "fraudulent" and accused them of "public abuse." (Am. Compl., Dkt. [3] ¶42.) Subsequently, "Defendants" held their own press conference where they stated Plaintiff's claims were false, called her a "disgruntled employee," and claimed that the prisoners in the kitchen were enrolled in a cooking class, not working for the vendor. It is unclear if Plaintiff's employment was affected in response to her press conference.

Ultimately, Plaintiff took Family Medical Leave sometime in the fall of 2017 for emotional stress, which ultimately led to her retirement in November 2017. She then filed this suit on December 28, 2017, alleging various constitutional violations, as well as violation of Georgia's Whistleblower Act. Soon there after, Plaintiff filed an Amended Complaint [3] on January 4, 2018, making no apparent changes to the original Complaint [1], but adding a supplemental jury demand [3-1]. Defendants now jointly move to dismiss [11-1] Plaintiff's Amended Complaint [3].

4

**Discussion**

I.  Legal Standard

Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). Nor will the Court

AO 72A
(Rev.8/82)

"accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

II.   Plaintiff Must Replead

Courts may order repleading *sua sponte* when the complaint is a shotgun pleading and the plaintiff has failed to connect her causes of action to the facts alleged. See Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006). A shotgun pleading is one that, among other things, violates Rule 8(a)(2)'s requirement that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Genesis NYC Enters., Inc. v. JAI Grp., SA, No. 1:15-cv-23877-KMM, 2016 WL 1588397, at *2 (S.D. Fla. Apr. 20, 2016); see also Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often . . . referred to as 'shotgun pleadings.'"). The problem with shotgun pleadings is that they make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

AO 72A
(Rev.8/82)

Plaintiff's Amended Complaint [3] is a shotgun pleading because it includes three ambiguous and repetitive "counts" that fail to put Defendants on notice of the claims against them. See Chandler v. Volunteers of Am., Se., Inc., No. CV-12-S-3701-NW, 2013 WL 4058078, at *2 (N.D. Ala. Aug. 12, 2013) (discussing, in the context of a shotgun pleading, how the purpose of Rule 8(a)(2) is to give defendants fair notice). This is perhaps best evidenced by Plaintiff's misplaced attempts to supplement and clarify her claims in her Response [12].[4] ( Pl.'s Resp. to Defs.' MTD ("Pl.'s Resp."), Dkt. [12] at 3,11-12, 21.) From what the Court can discern, it appears Plaintiff organized her Amended Complaint [3] by the three different alleged harms instead of causes of action, as is customary. See Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996) (noting that the complaint "was framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts").

Plaintiff also leaves much ambiguity as to which Defendants are

---

[4] "A plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss." In re Androgel Antitrust Litig. (No. II), 687 F. Supp. 2d 1371, 1381 (N.D. Ga. 2010) (quoting Kuhn v. Thompson, 304 F. Supp. 2d 1313, 1321 (M.D. Ala. 2004)).

7

responsible for which acts. See Regenicin, Inc. v. Lonza Walkersville, Inc., 997 F. Supp. 2d 1304, 1310 (N.D. Ga. 2014) ("Shotgun pleadings also fail to specify which defendant is responsible for each act alleged."). In most paragraphs, Plaintiff appears to lodge allegations against "Defendants" generally. In a few paragraphs, however, Plaintiff abruptly shifts to "Defendants Jackson and Carter." (See, e.g., Am. Compl., Dkt. [3] ¶¶ 31-33.) And aside from those general references to "Defendants," Defendant Fulton County is not mentioned in the counts at all.[5] Defendants Jackson and Carter ("Sheriff Defendants") are also exclusively referenced together, in a conclusory fashion, and without reference to specific acts committed by either defendant, individually or together. What is more, it is unclear if Plaintiff brings claims against the Sheriff Defendants in their individual or official capacities.

---

[5] The Court struggles to find liability for Fulton County on the facts as pled. Plaintiff states that she was employed by Fulton County Sheriff's Department. (Am. Compl., Dkt. [3] ¶7.) Further, Plaintiff's factual allegations, though vague, appear to be directed at Sheriff Jackson and Chief Deputy Sheriff Cooper. It is well established in Georgia that the Sheriff is a constitutionally elected officer independent from the county and that "employees of constitutionally elected officers of a county are considered employees of the elected officer and not employees of the county." Boswell v.Bramlett, 274 Ga. 50, 51 (2001). Thus, without additional facts to support the conclusion that Fulton County employed Plaintiff, or an alternative theory of Fulton County's liability, it appears Fulton County is not a proper defendant in this case.

Although it remains indistinct exactly which facts and which Defendants align with any particular claim, Plaintiff's three "counts" do reference various causes of actions. Specifically, Plaintiff mentions violations of her First, Fourth, and Fourteenth Amendment rights,[6] as well as O.C.G.A. § 45-1-4, the Georgia Whistle Blower Act (GWA). The Court sees several problems in how these claims were plead that must be corrected before this case can move forward. Those problems are discussed below.

### A. Fourth and Fourteenth Amendment Claims

Paragraph 38 of Plaintiff's "Count II" contains the conclusory allegation that "Defendants violated the Plaintiff's constitutional rights to equal protect[sic] and due process of law guaranteed under the IV th and XIV th Amendments to the Constitution of the United States." (Am. Compl., Dkt. [3] ¶38.) Based on Plaintiff's current pleading [3], and in line with Defendants'

---

[6] Defendants correctly note that the only vehicle for bringing these private constitutional causes of action is 42 U.S.C. § 1983. Anderson v. Bd. of Regents of Univ. Sys. of Georgia, No. CIV.A 104CV3135JEC, 2010 WL 427652, at *2 (N.D. Ga. Feb. 2, 2010) (citing Porter v. White, 483 F.3d 1294, 1307 (11th Cir. 2007)). Should Plaintiff replead these claims, she should specifically assert which are brought pursuant to Section 1983. Further, she should be prepared for Section 1983 affirmative defenses to suit, such as qualified immunity.

9

Motion to Dismiss [11-1], the Court struggles to find potential for a Fourth Amendment search and seizure, or due process claim. Similarly, Plaintiff appears to rely on an impermissible "class of one" theory for a Fourteenth Amendment equal protection claim. See Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 601–06 (2008) (holding class-of-one equal-protection claims not cognizable in public-employment context).

All the same, without reaching a decision as to the merits of these claims, the Court grants Plaintiff an opportunity to replead her complaint. In doing so, Plaintiff is not required to replead these claims. Should she choose to, she must link her factual allegations to each element of each claim. See Frantz v. Walled, 513 F. App'x 815, 821 (11th Cir. 2013) ("The amended complaint's failure to link factual allegations to specific counts makes it a quintessential shotgun pleading."). If Plaintiff does not meet these requirements, she risks dismissal on a 12(b)(6) motion for failure to state a claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (finding that to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotations omitted).

AO 72A
(Rev.8/82)

## B. First Amendment Claims

Plaintiff asserts that Defendants violated her First Amendment right to free speech twice in her Amended Complaint [3]. First, in "Count I," Plaintiff alleges "Defendants[sic] acts of retaliation and harassment of Plaintiff for her participation in the class action civil suit violated Plaintiff's rights of free speech." (Am. Compl., Dkt. [3] ¶31.) Plaintiff does not provide any information regarding the specific actors or the retaliation and harassment alleged for this claim. While detailed factual allegations are not required, Defendants cannot defend this claim nor can the Court assess it on the merits as pled. For example, Defendants interpreted this claim to refer to Plaintiff's factual allegations that she was harassed[7] after filing an FLSA claim against her employer. (Defs.' MTD, Dkt. [11-1] at 9-10.) Yet, in her Response [12], Plaintiff states that she "was punished under two separate acts of free speech," neither of which involved the lawsuit. (Pl.'s Resp., Dkt. [12] at 11-12.) Again, this information must be properly linked in the complaint, not the response. In re Androgel Antitrust Litig. (No. II), 687 F. Supp. 2d at 1381 (quoting Kuhn,

---

[7] Again, it is unclear how exactly she was harassed in relation to this incident and others.

11

304 F. Supp. 2d at 1321) ("A plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss."). Second, in "Count II," Plaintiff asserts an impermissible legal conclusion that "Defendants Jackson and Carter's actions violated Plaintiff's constitutional right to free speech guaranteed under the I st Amendment to the Constitution of the United States." (Am. Compl., Dkt. [3] ¶37.)

As a result, Defendants and the Court are left to "ascertain what factual allegations correspond with each [First Amendment] claim." Beckwith v. Bellsouth Telecomms., Inc., 146 Fed.Appx. 368, 371 (11th Cir. 2005). The Eleventh Circuit has specifically held that this is an unjustifiable use of resources. See, e.g., id. The free speech analytical framework is complicated, with multiple layers of elements depending on the type of claim asserted. While ambiguity runs rampant in Plaintiff's Amended Complaint [3], it appears she wishes to assert multiple first amendment retaliation claims as a public employee against government officials. To do so, Plaintiff must provide specific facts that if taken as true establish that: (1) her speech was on a matter of public concern; (2) her First Amendment interest in engaging in the speech outweighs her employer's interest in prohibiting the speech to promote the

12

efficiency of the public services it performs through its employees; and (3) her speech played a "substantial part" in her employer's decision to demote or discharge her." Anderson v. Burke Cnty., Ga., 239 F.3d 1216, 1219 (11th Cir. 2001). Importantly, Plaintiff must link a factual allegation to each of these elements for each separate First Amendment claim she asserts.

As pled, the Court is unsure what speech Plaintiff claims is constitutionally protected, much less a matter of public concern. Further, it is imprecise what demotion or discharge occurred because Plaintiff allegedly spoke on a matter of public concern. It also appears that Plaintiff believes her First Amendment rights were violated multiple times but how many is unclear. Consequently, the Court does not have enough information to assess the viability of these claims.

As with Plaintiff's other constitutional claims, without reaching a decision as to the merits of any First Amendment claim, the Court grants Plaintiff an opportunity to replead her complaint. In doing so, Plaintiff must identify the elements to each claim. Then she must link her factual allegations to each element. See Frantz v. Walled, 513 F. App'x 815, 821 (11th Cir. 2013)

13

("The amended complaint's failure to link factual allegations to specific counts makes it a quintessential shotgun pleading."). If Plaintiff does not meet these requirements, she risks dismissal on a 12(b)(6) motion for failure to state a claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (finding that to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotations omitted).

### C. Georgia Whistle Blower Act Claim

Plaintiff's "Count III" appears to be a claim for violation of the Georgia Whistle Blower Act (GWA), O.C.G.A. § 45-1-4. While this is Plaintiff's best-pled claim, it is still deficient. The Court will not restate the deficiencies because Defendants have detailed them in their Motion to Dismiss [11-1]. (Defs.' MTD, Dkt. [11-1] at 18-20.) As with all of the above claims, Plaintiff should provide facts that, if true, would satisfy each of the four elements of a GWA retaliation claim. Humble v. Cirrus Educ. Grp., Inc., No. 5:17-CV-192 (MTT), 2017 WL 6001501, at *6 (M.D. Ga. Dec. 4, 2017) (citing Lamar, 605 F. App'x at 806). Then, Plaintiff must link each of those factual allegations to

14

the element that they purport to satisfy. See Frantz, 513 F. App'x at 821 (11th Cir. 2013) ("The amended complaint's failure to link factual allegations to specific counts makes it a quintessential shotgun pleading.").

Because of the problems with Plaintiff's Amended Complaint [3], Plaintiff must replead and is **DIRECTED** to file a second amended complaint within **fourteen days** of the date of this Order. In drafting that complaint, Plaintiff must carefully correct each of the problems identified in the above sections. It is particularly important for Plaintiff to identify her causes of actions with specificity—including specific references to facts that support each element of each alleged cause of action—to clarify how each Defendant is responsible for each act alleged. If Plaintiff fails to follow the Court's instructions in repleading, she risks dismissal. See Goodison v. Washington Mut. Bank, 232 F. App'x 922 (11th Cir. 2007) (finding that the district court did not abuse its discretion in dismissing an amended complaint because the plaintiff "failed to make meaningful modifications to her complaint in order to comply with Rule 8(a)(2) and "continued to employ a 'shotgun approach' to pleading"). Once Plaintiff files her second amended complaint, Defendants are **DIRECTED** to file an answer or a motion to dismiss within **twenty one days**

15

thereafter.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [11-1] is **DENIED, with a right to refile**. Plaintiff is **DIRECTED** to file a second amended complaint within **fourteen days** of the date of this Order. Defendants must then file an answer or a motion to dismiss within **twenty-one days** thereafter.

**SO ORDERED**, this 10th day of January, 2019.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)